United States District Court
Southern District of Texas

**ENTERED**

March 13, 2026

Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MORTGAGE RESEARCH CENTER, LLC, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:25-CV-00082 |
| ANA MARIE HALSTEAD, *et al.*, | § § § | |
| Defendants. | § | |

## <u>MEMORANDUM AND RECOMMENDATION</u>

In March 2025, Plaintiff Mortgage Research Center, LLC, doing business as Veterans United Home Loans, A Missouri Limited Liability Company ("Mortgage Research Center"), filed a complaint against Defendants Ann Marie Halstead, Chrystal Ramirez, Hugh Halstead, Maximilian Halstead, Zoe Halstead, Connie Rineheart, and Shawn Halstead. (D.E. 1). Mortgage Research Center seeks to non-judicially foreclose on a property and requests declaratory relief necessary to achieve that goal. (*Id.*). Currently pending is Mortgage Research Center's motion for default judgment (D.E. 38) against all Defendants.

For the reasons discussed further below, it is recommended that the motion (D.E. 38) be **GRANTED** and a default judgment be entered against all Defendants in favor of Mortgage Research Center on each of its claims.

1 / 9

## I.   BACKGROUND

### a.   Complaint

In the complaint, Mortgage Research Center alleges the following.  (D.E. 1). Mortgage Research Center is a mortgagee as defined under Texas law.  (*Id.* at 1).  Robert Halstead was a borrower under a loan agreement and owned real property commonly known as 1030 Sea Secret St., Port Aransas, Texas 78373 ("the Property").  (*Id.* at 1 & 3). Robert Halstead died in October 2021.  (*Id.* at 1).  No probate was open for his estate.  *(Id.)* Each of the named defendants was an heir at law of Robert Halstead.  (*Id.* at 2-3).

Mortgage Research Center further alleges that, in July 2020, Robert Halstead executed a Note in the amount of $317,924, with an annual interest rate of 3.375 percent. (*Id.* at 6).  At the same time, Robert Halstead and his wife, Anna Marie Halstead, executed a Deed of Trust ("Security Instrument" and, together with the Note, "the Loan Agreement") granting Mortgage Electronic Registration Systems, Inc. ("MERS"), its successors and assigns, a security interest in the Property.  This Deed of Trust was recorded in Nueces County, Texas, in July 2020.  (*Id.*).  Subsequently, MERS transferred and assigned the Loan Agreement to Mortgage Research Center.  (*Id.* at 6-7).

Mortgage Research Center further alleges that, under the terms of the Loan Agreement, Robert Halstead was required to pay when due the principal and interest on the debt.  (*Id.*).  If he failed to do so, the lender could enforce the Deed of Trust by selling the Property under the law and in accordance with provisions in the Loan Agreement.  The Loan entered default and a notice of such default was sent in accordance with the Loan

Agreement and applicable state laws.  (*Id.*).  The default was not cured, and the maturity of the Loan Agreement was accelerated.  (*Id.* at 7-8).

Mortgage Research Center seeks a declaratory judgment stating that "it is the owner and holder of the Note and beneficiary of the Security Instrument." (*Id.*).  It seeks a further declaration that it is a mortgagee under Texas law and is authorized to enforce the power of sale in the Deed of Trust through foreclosure of the property. (*Id.*).  Mortgage Research Center seeks a declaration that it has a statutory probate lien against the property under the terms of the Loan Agreement and Texas law. (*Id.* at 8-9).  Mortgage Research Center seeks an order of the Court to enforce this statutory probate lien through non-judicial foreclosure and to have the property sold at a public auction. (*Id.* at 9-10).  Alternatively, Mortgage Research Center seeks a judicial foreclosure.  (*Id.* at 10).  Mortgage Research Center additionally seeks a declaration and judgment that all Defendants are divested of their right, title, and interest in the Property, and that all right, title, and interest in the property is vested in Mortgage Research Center. (*Id.* at 10-11).  Mortgage Research Center also seeks attorney's fees. (*Id.*).

b.    *Service and Entry of Default*

Summonses were issued as to all Defendants on March 26, 2025. (D.E. 8).  Between June and August 2025, each of the Defendants were served with a copy of the complaint and the summons and the Defendants' answers were due by August 26, 2025, at the latest. (D.E. 9, 10, 11, 16, 20, 32, 33); Fed. R. Civ. P. 12(a)(1)(A)(i).  None of the Defendants has filed an answer or otherwise made an appearance in this case.

On September 9, 2025, the clerk entered default against Defendants.  (D.E. 37).

c.   *Submitted Evidence*

On July 27, 2020, Robert Halstead executed a Note in which he promised to pay $317, 924 plus an annual interest rate of 3.375% to lender Mortgage Research Center for a loan secured by the Property.  (D.E. 1-1 at 7-9).  At the same time, Robert Halstead, along with his wife Defendant Anna Maria Halstead, executed a Deed of Trust that granted MERS, its successors and assigns, a security interest in the Property.  (*Id.* at 11-23).  Robert and Anna Maria Halstead were required to pay when due the principal of, and interest on, the debt.  (*Id.* at 13).  All notices related to the Deed of Trust were required to be in writing and sent by first-class mail to the Property.  (*Id.* at 17).  If the Halsteads were to breach any covenant or agreement, the lender was required to give notice before any acceleration of the loan.  (*Id.*).  The notice would specify the default, the action required to cure the default, and a date not less than 30 days from the notice by which the default must be cured.  (*Id.*).  The notice would include a warning that failure to cure the default would result in acceleration of the loan.  (*Id.*).  If the loan was accelerated, the noteholder would be entitled to expenses, including reasonable attorney's fees.  (*Id.*).  On February 2, 2025, MERS assigned the Loan Agreement to Mortgage Research Center.  (*Id.* at 25-28).

On October 21, 2021, Robert Halstead passed away and no probate was opened for his estate.  (*Id.* at 7).

On November 21, 2024, Mortgage Research Center (dba Veterans United Home Loans) sent a notice of default and intent to accelerate to the Property.  (*Id.* at 31-44).

Copies of this notice were sent to Anna Marie Halstead and the Estate of Robert Halstead. (*Id.*). The notice explained what was necessary to bring the loan current and stated that failure to cure the default by December 21, 2024, would result in the acceleration of the loan and sale of the property. (*Id.* at 32, 39). The notice also indicated that the noteholder would be entitled to reasonable attorney's fees. (*Id.*).

On January 23, 2025, Mortgage Research Center sent a notice of acceleration of loan maturity to the Property. (*Id.* at 46-53). Copies of this notice were sent to Robert and Anna Marie Halstead. (*Id.*). The notice indicated that all unpaid principal and accrued interest were due and payable as of January 23, 2025. (*Id.*).

None of the defendants is on active-duty military service. (D.E. 38 pgs. 5-21).

## II.   DISCUSSION

In the motion for default judgment, Mortgage Research Center argues that the Court should render a default judgment against Defendants because they have failed to file a responsive pleading or otherwise defend against the claims. (D.E. 38 at 1-3). Mortgage Research Center notes that it does not seek damages, but only a declaratory judgment, so no hearing is necessary to establish damages. (*Id.* at 4-5). Mortgage Research Center contends that it has shown everything necessary under Texas law to foreclose under a security instrument, including that: (1) a debt exists; (2) the debt is secured by a lien created under Texas law; (3) the borrower is in default; and (4) the borrower was properly notified of default and acceleration. (*Id.* at 5-6). Mortgage Research Center argues that, although

it is entitled to court costs and attorney's fees, those are to be determined by a later motion. (*Id.* at 7).

"A *default* occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules.  An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise.  Fed.R.Civ.P. 55(a). After defendant's default has been entered, plaintiff may apply for a judgment based on such default.  This is a *default judgment.*"  *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (internal citations omitted).

"The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).  However, a default alone "does not in itself warrant the court in entering a default judgment."  *Id.*  Instead, "[t]here must be a sufficient basis in the pleadings for the judgment entered."  *Id.*  Although the court may hold an evidentiary hearing, a hearing is not required before granting a default judgment, particularly where sufficient evidence exists in the record.  *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); Fed. R. Civ. P. 55(b)(2).

"To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. 16 § 50(a)(6) of the Texas Constitution; (3) [the borrowers] are in default under the note and security instrument; and (4) [the borrowers] received notice of default and

acceleration." *Singleton v. U.S. Bank Nat'l Ass'n*, No. 4:15-CV-100-A, 2016 WL 1611378, at *7 (N.D. Tex. Apr. 20, 2016) (citing *Huston v. U.S. Bank, Nat'l Ass'n*, 988 F. Supp. 2d 732, 740 (S.D. Tex. Dec. 19, 2013), aff'd, 583 Fed.Appx. 306 (5th Cir. 2014)).

Under Texas law, "the estate of a person who dies intestate vests immediately in the person's heirs at law." Tex. Est. Code Ann. § 101.001(b). An estate vests subject to the payment of, and is still liable for, the debts of the decedent. *Id.* § 101.051(b). The prevailing party in a case seeking a declaratory judgment or raising a breach of contract claim is entitled to reasonable attorney's fees. Tex. Civ. Prac. & Rem. Code Ann. §§ 37.009, 38.001.

Here, the Defendants have failed to plead or otherwise respond to the complaint, the clerk has entered a default against each of them, and Mortgage Research Center has made the necessary showing that it is entitled to a default judgment on its declaratory judgment claims. Mortgage Research Center has both alleged and submitted evidence showing that (1) Robert Halstead executed a Note payable to MERS as lender on a loan secured by the Property; (2) Robert and Anna Marie Halstead executed the Security Instrument granting MERS a security interest in the Property that was recorded in the Official Public Records of Nueces County; (3) MERS assigned the Loan Agreement to Mortgage Research Center, which is now the mortgagee of the Deed of Trust; (4) the Halstead failed to abide by the terms of the Loan Agreement, which entered default; and (5) the Halsteads were sent proper notice of default and intent to accelerate, and subsequent notice of the acceleration. (D.E. 1 at 31-53). Thus, Mortgage Research Center has alleged and presented evidence

showing each of the necessary elements in support of a foreclosure and that it is the proper party to seek foreclosure. *Singleton*, 2016 WL 1611378 at *7. Further, Mortgage Research Center has properly alleged that each of the named Defendants is an heir under Texas law following the intestate death of Robert Halstead. (D.E. 1 at 1-3). Finally, under Texas law, Mortgage Research Center is entitled to costs and reasonable attorney's fees, which they seek as a further obligation owed under the Note and Security Instrument. Tex. Civ. Prac. & Rem. Code Ann. §§ 37.009, 38.001.

Based on these findings, it is recommended that the Court award the following relief:

(1)  Judgment against Defendants for court costs;

(2)  Judgment against Defendants for reasonable attorneys' fees as a further obligation owed under the Note and Security Instrument;

(3)  Judgment declaring that Mortgage Research Center is the owner and holder of the Note, beneficiary of the Security Instrument and mortgagee, as defined under Texas Property Code section 51.0001;

(4)  Judgment declaring that the outstanding balance of the Note, prejudgment interest, post-judgment interest from the date of judgment until paid, and costs of court are secured by the Security Instrument on the Property; and

(5)  Judgment declaring that Mortgage Research Center may foreclose on Defendants' interest on the Property pursuant to the Deed of Trust and the Texas Property Code.

## III.  RECOMMENDATION

Accordingly, it is recommended that the motion (D.E. 38) be **GRANTED** and a default judgment be entered against all remaining Defendants in favor of Mortgage Research Center on each of its claims as detailed above.

8 / 9

Respectfully submitted on March 13, 2026.

_____
Julie K. Hampton
United States Magistrate Judge

**NOTICE TO PARTIES**

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*).

9 / 9