United States District Court
Southern District of Texas
**ENTERED**
April 02, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MORTGAGE RESEARCH CENTER, LLC, | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:25-CV-00082 |
| ANA MARIE HALSTEAD, *et al.*, | § § § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM AND RECOMMENDATION

On March 13, 2026, United States Magistrate Judge Julie K. Hampton issued a "Memorandum and Recommendation" (D.E. 39), recommending that the Court grant Plaintiff's motion for default judgment against all Defendants. Defendants have failed to appear and the Memorandum and Recommendation has been on file a sufficient time for them to appear and object. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1); General Order No. 2002-13. No objections have been timely filed.

When no timely objection to a magistrate judge's memorandum and recommendation is filed, the district court need only satisfy itself that there is no clear error on the face of the record and accept the magistrate judge's memorandum and recommendation. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996)).

Having reviewed the findings of fact and conclusions of law set forth in the Magistrate Judge's memorandum and recommendation (D.E. 39), and all other relevant

documents in the record, and finding no clear error, the Court **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly, the Court **GRANTS** the motion for default judgment (D.E. 38) and **ORDERS** the following relief in favor of Plaintiff:

(1) Judgment against Defendants for court costs;

(2) Judgment against Defendants for reasonable attorneys' fees as a further obligation owed under the Note and Security Instrument to be liquidated by future order;

(3) Judgment declaring that Mortgage Research Center is the owner and holder of the Note, beneficiary of the Security Instrument and mortgagee, as defined under Texas Property Code section 51.0001;

(4) Judgment declaring that the outstanding balance of the Note, prejudgment interest, post-judgment interest from the date of judgment until paid, and costs of court are secured by the Security Instrument on the Property; and

(5) Judgment declaring that Mortgage Research Center may foreclose on Defendants' interest on the Property pursuant to the Deed of Trust and the Texas Property Code.

**ORDERED** on April 2, 2026.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE

2 / 2