United States District Court
Southern District of Texas
**ENTERED**
August 06, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MORTGAGE RESEARCH CENTER, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:25-CV-00082 |
| | § | |
| ANA MARIE HALSTEAD, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION

Plaintiff has filed a motion seeking attorney's fees. (D.E. 43). For the following reasons, the undersigned recommends that the motion be **GRANTED** and Plaintiff be awarded $6,219.00 in attorney and paralegal fees.

## I. BACKGROUND

Plaintiff was represented in this mortgage foreclosure action by the law firm of Mackie Wolf Zientz & Mann, P.C. ("MWZM"). On December 3, 2026, Plaintiff filed its Motion for Default Judgment (D.E. 38), to which Defendants did not respond. On April 2, 2026, the Court granted Plaintiff's Motion for Default Judgment and awarded attorney's fees and costs to be determined by subsequent motion. (D.E. 40). On April 16, 2026, Plaintiff filed its motion for attorney's fees seeking $4,085.00[1] in attorney's

[1] The Court notes that Plaintiff's motion states the amount as $4,085.50 on one page (D.E. 43 pg. 3) and seeks $4.085.00 in every other section of its motion. The undersigned will use the lesser amount of $4,085.00.

fees and $2,134.00 in paralegal fees, totaling $6,219.00. (D.E. 43, pgs. 3-5). Defendants did not respond to the Motion, and the time to do so has passed. The Motion is now ripe for determination.

## II. LEGAL STANDARD AND ANALYSIS

### A. Entitlement to Fees

Plaintiff moves for attorney's fees under the terms of the note and security instrument and under Federal Rule of Civil Procedure 54(d)(2). Under Rule 54, a claim for attorney's fees must be made by motion unless the substantive law requires those fees to be proved at trial as an element of damages. Fed. R. Civ. P. 54(d)(2)(A). Rule 54 further provides that, unless a statute or court order provides otherwise, a motion for attorney's fees must:

> (i) be filed no later than 14 days after the entry of judgment; (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award; (iii) state the amount sought or provide a fair estimate of it; and (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(B). Texas law permits recovery of attorney's fees under mortgage contracts. See *Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035, 1037–38 (5th Cir. 2014). And the Fifth Circuit has expressly endorsed Rule 54(d)(2) as a vehicle to obtain attorney's fees provided for by a mortgage contract. Id. at 1040.

Here, the Deed of Trust provides that if default is not cured following notice to the borrower, the noteholder would be entitled to expenses, including reasonable attorneys' fees (D.E. 1-1 at 17). Moreover, the notice of default and intent to accelerate the

property indicated that the noteholder would be entitled to reasonable attorney's fees. (D.E. 1-1 at 32, 39).

Plaintiff initiated this litigation on March 21, 2025, seeking to foreclose on the property due to Defendants' default under the note. (D.E. 1). Further, Plaintiff moved for default judgment, seeking a declaratory judgment that Plaintiff "is the owner and holder of the Note, with standing to enforce the Security Instrument." (D.E. 38 at 7).

Plaintiff is entitled to reasonable attorney's fees under the note and security instrument. See *TFHSP, LLC Series 10147 v. U.S. Bank Nat'l Ass'n*, 2016 WL 2856006, at *4 (N.D. Tex. Apr. 18, 2016) (Horan, J.) (concluding bank was entitled to reasonable attorney's fees under note and deed of trust where bank's "counterclaims and Motion for Default Judgment sought to enforce the [n]ote"), adopted by 2016 WL 2853565 (N.D. Tex. May 13, 2016) (Lynn, J.), appeal dismissed, 16-10723 (5th Cir. July 10, 2016).

**B. Lodestar Calculation**

Courts use the lodestar method to determine a reasonable attorney fees award. *Quantlab Techs. Ltd. (BVI) v. Godlevsky*, 317 F. Supp. 3d 943, 951 (S.D. Tex. 2018) (Ellison, J.); *PHH Mortg. Corp. v. Dye*, No. 2:24-CV-00029, 2025 WL 4350750, at *1 (S.D. Tex. Dec. 11, 2025)(Morales, D.). The lodestar is calculated by multiplying the number of hours that an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for the work. See *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The party seeking

attorney's fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. See *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The court uses this time as a benchmark and excludes any time it deems excessive, duplicative, unnecessary, or inadequately documented. See *id*. There is a strong presumption that the lodestar figure is reasonable. *Perdue v. Kenny A. ex rel*., 559 U.S. 542, 552 (2010). Because the lodestar is presumed reasonable, it should be modified only in exceptional circumstances. *Watkins*, 7 F.3d at 457. The Court calculates the lodestar to be $$6,219.00 in this case.

**1. Reasonableness of Rate**

In support of the Motion, Plaintiff submitted the declaration of attorney Crystal G. Gibson, a MWZM attorney, who declares that the amount billed by the attorneys and paralegals in this matter is "similar to rates prevailing in the community for similar services by lawyers and paralegals of comparable skill, experience, and reputation." (D.E. 43-1, pg. 3).

Plaintiff also submitted the State Bar of Texas 2015 Hourly Fact Sheet and State Bar of Texas 2020 Paralegal Compensation Survey as evidence of the hourly rates for attorneys of comparable experience in North Texas. See generally (D.E. 43-1 pgs. 26-64). The State Bar of Texas 2015 Hourly Fact Sheet indicates that, in 2015, the median rate for creditor-debtor litigation attorneys in the Dallas-Fort Worth area was $265.00 per hour. (D.E. 43-1 at 39). The Paralegal Compensation Survey indicates that the median rate for paralegals in Texas in 2019 was $123.00 per hour. (D.E. 43-1 pg. 62).

MWZM's attorneys billed $215.00 per hour, which is below the median rate for attorneys of similar experience in the Dallas-Fort Worth area, adjusted for inflation. (D.E. 43 pg. 3). And MWZM's paralegals billed $110.00 per hour, which is below the median rate for paralegals in Texas, adjusted for inflation. (D.E. 43 pg. 5). Plaintiff also submitted MWZM's billing invoices covering the period from February 2025 through April 2026 that reflect that the professionals who worked on the matter billed at their respective ordinary rates. (D.E. 43-1 pgs. 10-24). Based on the supporting materials accompanying Plaintiff's motion, the Court finds that the rates charged in this matter are reasonable and comport with prevailing rates in the community.

**2. Reasonableness of Hours**

From the billing invoices, it appears that the following professionals worked on the case:

(1) senior attorney Crystal G. Gibson expended 18.70 hours at a rate of $215.00 per hour;
(2) senior attorney John R. Osborne, Jr. expended 0.30 hours at a rate of $215.00 per hour;
(3) paralegal Rebecca Lnehan expended 15.20 hours at a rate of $110.00 per hour;
(4) paralegal Susan Talpin expended 1.60 hours at a rate of $110.00 per hour; and
(5) paralegal Jack Wagner expended 2.60 hours at a rate of $110.00 per hour.

See (D.E. 43 pgs. 3-5). Thus, MWZM expended 19.0 attorney hours at a rate of $215.00 per hour and 19.4 paralegal hours a rate of $110.00 per hour. *Id*. Based on these sums, Plaintiff asks for $4,085.00 in attorney's fees and $2,134.00 in paralegal fees—$6,219.00 in total. *Id*.

Plaintiff's counsel attests that, based on his experience, these rates are reasonable. *Id*. at 5, 7. The undersigned agrees. See *Homer v. Homer*, No. 4:21-CV-02789, 2022 WL 4290465, at *4 (S.D. Tex. Sept. 16, 2022) (Hanks Jr., J.) (finding $300 per hour attorney rate reasonable); *Haynesville Shale Rentals, LLC v. Total Equip. & Serv., Inc*., No. H-12-0860, 2014 WL 1379884, at *6 (S.D. Tex. Apr. 8, 2014) (Werlein Jr., J.) (same). Thus, the lodestar amount in this case (reasonable hours expended multiplied by reasonable hourly rate) should be calculated as $6,219.00.

**3. Adjustment to the Lodestar**

Although there is a strong presumption that the lodestar figure is reasonable, the Court must consider whether the lodestar should be adjusted upward or downward based on the factors set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717-19 (5th Cir. 1974), abrogated on other grounds by *Blanchard v. Bergeron*, 489 U.S. 87 (1989). The district court, however, is not required to "recite or even mention the *Johnson* factors, so long as 'the record clearly indicates that the district court has utilized the *Johnson* framework as the basis for its analysis.' " *Moench v. Marquette Transp. Co. Gulf-Inland, L.L.C*., 838 F.3d 586, 596 (5th Cir. 2016) (quoting *Union Asset Mgmt. Holding A.G. v. Dell, Inc*., 669 F.3d 632, 642 (5th Cir. 2012)); see also *EEOC v. Agro Distribution, LLC*, 555 F.3d 462, 473 (5th Cir. 2009).

Upon consideration of the *Johnson* factors, the undersigned recommends that no adjustment to the lodestar figure is necessary. This civil action was a typical mortgage foreclosure case. The litigation did not require any unique skill or expertise on the part of

the MWZM attorneys; nor did it require more than the usual investment of time or labor. Indeed, the docket reflects that the Defendants did not make a single appearance in this matter. MWZM billed Plaintiff on an hourly basis, and there is no evidence before the Court that Plaintiff imposed any time limitation on MWZM or that other circumstances made representing Plaintiff undesirable. MWZM charged a customary fee, which resulted in an award that is typical for this type of case.

Accordingly, the Court should **GRANT** Plaintiff's Motion and award Plaintiff $4,085.00 in attorney's fees and $2,134.00 in paralegal fees, totaling $6,219.00.

## III. RECOMMENDATION

For the forgoing reasons, Plaintiff's Motion for Attorney's Fees (D.E. 43) should be **GRANTED**. The Court should award Plaintiff $4,085.00 in attorney's fees and $2,134.00 in paralegal fees—$6,219.00 in total. Defendants should be ordered to pay $6,219.00 to Plaintiff as a further obligation owed by them under the security instrument.

Respectfully recommended on August 6, 2026.



Julie K. Hampton
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United* Servs. *Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).